# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF OREGON

In re ) Case No. 319-30181-TMB13
HOLLY C ADAIR )
) Confirmation hearing date: Mar 14, 2019
)
) **TRUSTEE'S OBJECTION TO**
) **CONFIRMATION AND MOTION**
Debtor(s). ) **TO DISMISS**

Wayne Godare, the Standing Chapter 13 Trustee Objects to Confirmation of the above case for the reason(s) set out below:

_____a. Plan is not feasible:

__X__b. Case/Plan is not proposed in good faith or is forbidden by law: **The Trustee objects to confirmation of Debtor's plan pursuant to 11 U.S.C. § 1325(a)(3). The plan is proposed by a "means forbidden by law." Debtor's Schedule I reveals that she is employed by a staffing agency. Debtor testified at the 341(a) first meeting of creditors that the agency provides staffing for the marijuana industry. Growing and selling marijuana, while legal in the State of Oregon, is illegal under the federal Controlled Substances Act (21 U.S.C. §§ 811 et. seq.). $1640 of her monthly gross income (62%) is generated from her employment in the marijuana industry. Consequently, Debtor's plan will be funded from unlawful activities under the federal Controlled Substances Act (i.e., funded "by a means forbidden by law"), thus precluding this Court from confirming Debtor's plan.**

_____c. Plan does not commit all of debtor's excess projected disposable income pursuant to
 11 U.S.C. §1325(b)(1)(B) for the applicable commitment period:

_____d. Plan does not meet the best interest test of 11 U.S.C. §1325(a)(4):

__X__e. Filing/documentation is deficient: **as requested at the §341(a) hearing, please provide the Trustee with the following:**
**1. A true <u>signed</u> copy of Debtor's 2014 – 2018 Federal and State Tax Returns;**
**2. Amended Schedule J to remove the Chase mortgage payment** (being paid in full through ¶4(b)(1) ) **and increase**
  **¶3(a) by the same amount;**
**3. Paystubs from Debtor's new employment sufficient to verify the income and deductions on Schedule I;**
**4. The name and contact information for the attorney representing the Debtor in the medical malpractice claim.**

_____ f. Other:

If by the time of the scheduled confirmation hearing, debtor fails to take all necessary steps to satisfy each objection marked above, or is not prepared to address the Trustee's objections with the filing of an amended plan as directed by the court during that scheduled confirmation hearing, the Trustee may, in his discretion, urge the court for an order dismissing the case without further notice.

I certify that on <u>February 28, 2019</u>, copies of the above Objection and Motion were served on the debtor(s) by first class mail and any debtor(s) attorney by ECF.

DATED: February 28, 2019

/s/ Wayne Godare, Trustee

DARIN WISEHART  (mn)