**SHAPIRO & SUTHERLAND, LLC**
1499 SE Tech Center Place, Suite 255
Vancouver, WA 98683
Telephone: (360) 260-2253
S&S No. 19-124684

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON

In Re:

Holly Christine Adair

Debtor(s)

Case No. 19-30181-tmb13

**OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN**

COMES NOW JPMORGAN CHASE BANK NA, its successors and/or assigns, ("Creditor"), by and through its attorney, Gadi Shahak, hereby objects to Holly Christine Adair's ("Debtor") proposed Chapter 13 Plan dated February 11, 2019 (the "Plan").

### BACKGROUND

On or about August 3, 2005, Dennis W Adair and Holly C Adair made, executed and delivered a Home Equity Line of Credit Agreement ("Note") in favor of Washington Mutual Bank, FA in the original principal amount of $30,000.00. Creditor is the holder of the original Note endorsed in blank. This Note was secured by a Deed of Trust encumbering real property commonly described as 13024 SE Cora Street, Portland, Oregon 97236.

///

///

///

///

1 – OBJECTION TO CONFIRMATION OF THE
PROPOSED CHAPTER 13 PLAN

SHAPIRO & SUTHERLAND, LLC
1499 SE Tech Center Place, Suite 255
Vancouver, WA 98683
Telephone: (360) 260-2253

Case 19-30181-tmb13    Doc 22    Filed 03/05/19

As will be established by the Proof of Claim that is to be filed with the Court, the amount necessary to fully pay off Creditor's lien is over $26,914.59, and the pre-petition arrears are approximately $564.35. The pre-petition arrears consist primarily of a delinquent monthly payment and a late charge fee.

## AUTHORITY AND ARGUMENT

Creditor objects to confirmation of the Plan because the Plan does not provide for the regular monthly maintenance payments. Pursuant to 11 U.S.C. § 1322(b)(5), the plan must provide for the maintenance of the payments while the case is pending. Since the Plan fails to maintain the regular monthly maintenance payments, the Plan does not meet the requirements of 11 U.S.C. § 1322(b)(5).

Creditor further objects to the confirmation of the Plan because the Plan may not be feasible. Under the Nonstandard Provisions in Paragraph 14 of the Plan, the Debtor proposes to "sell or refinance 1745 SE Jackson Street, Roseburg, Oregon 97470, not later than January 31, 2022, and shall pay to the Trustee from the proceeds at closing, funds sufficient to pay all creditors secured by the subject property remaining in the plan". Additionally, under paragraph 3 of the Plan, the Debtor propose a monthly plan payment of only $300.00.

After factoring in the Trustee's commission, unpaid attorney fees, the pre-petition arrears owed to other secured creditors, and the approximate $564.35 in pre-petition arrears owing to the Creditor, it appears that the success of the Plan is wholly contingent upon the successful sale or refinance of the Property.

///

///

2 – OBJECTION TO CONFIRMATION OF THE PROPOSED CHAPTER 13 PLAN

SHAPIRO & SUTHERLAND, LLC
1499 SE Tech Center Place, Suite 255
Vancouver, WA 98683
Telephone: (360) 260-2253

At this point, the Debtor plans to sell or refinance the property are purely speculative. The Debtor is required to show credible evidence that completing the future sale is a reasonable likelihood. See In re Grogan, 2013 Bankr. LEXIS 1739, 2013 WL 1788024 (Bankr. D. Or. April 26, 2013) (Chapter 11 Plan). However, the Plan fails to provide what will happen in the event that the Debtor is unable to sell or refinance the property as anticipated. The Plan fails to offer a clear alternative for the cure of the pre-petition arrearage and the maintenance of the regular monthly payments owing to the Creditor in the event that the Debtor's intentions to sell the Property do not go through. In addition to the speculative nature of the Plan at this point, the Debtor is allotting an unreasonable period of time to cure the pre-petition arrearages and maintain the regular monthly payments.

Since the Plan fails to offer a clear alternative path for the cure of the pre-petition arrearage and the maintenance of the regular monthly payments, the Plan does not meet the requirements of 11 U.S.C. § 1322(b)(5).

WHEREFORE, JPMORGAN CHASE BANK NA, its successors and/or assigns, respectfully requests an Order denying Confirmation of the Debtor's proposed Plan.

Dated this 5th day of March, 2019.

/s/ Gadi Shahak
Gadi Shahak, OSB# 180865
Attorneys for JPMORGAN CHASE BANK NA

3 – OBJECTION TO CONFIRMATION OF THE
PROPOSED CHAPTER 13 PLAN

SHAPIRO & SUTHERLAND, LLC
1499 SE Tech Center Place, Suite 255
Vancouver, WA 98683
Telephone: (360) 260-2253

Case 19-30181-tmb13    Doc 22    Filed 03/05/19

**CERTIFICATE OF MAILING**

I certify that on March 5, 2019, I served an exact and complete copy of the Objection to Confirmation on the following parties by depositing it, or causing it to be deposited, in the U.S. Post Office, in a sealed envelope with postage paid, addressed to each of the respective parties' last-known address:

Holly Christine Adair
13024 SE Cora Street
Portland, OR 97236

Darin Wisehart
Wisehart Law PC
8215 SW Tualatin-Sherwood Road
Suite 200
Tualatin, OR 97062

Wayne Godare
222 SW Columbia St #1700
Portland, OR 97201

/s/ Laurisa Lyubar
Laurisa Lyubar
Legal Assistant

4 – OBJECTION TO CONFIRMATION OF THE
PROPOSED CHAPTER 13 PLAN

SHAPIRO & SUTHERLAND, LLC
1499 SE Tech Center Place, Suite 255
Vancouver, WA 98683
Telephone: (360) 260-2253

Case 19-30181-tmb13    Doc 22    Filed 03/05/19