Jonas V. Anderson, VA SB #78240
Acting Assistant United States Trustee
U.S. Department of Justice
Office of the United States Trustee
405 E. 8th Ave., Ste. 1100
Eugene, OR 97401-2706
Telephone: (541) 465-6330
Email: jonas.v.anderson@usdoj.gov

Attorney for Acting United States Trustee
Gregory M. Garvin

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| In re:<br><br>Holly Christine Adair,<br><br><br>Debtor. | Case No. 19-30181-tmb13<br><br>UNITED STATES TRUSTEE'S OBJECTION TO PLAN AND MOTION TO DISMISS CASE UNDER 11 U.S.C. § 1307 |

Gregory M. Garvin, the Acting United States Trustee for Region 18 ("UST"), objects to confirmation of the Chapter 13 plan filed by debtor Holly Christine Adair ("Debtor") and moves the Court to dismiss this case under 11 U.S.C. § 1307 on the grounds that Holly Christine Adair ("Debtor") proposes to fund her plan using income earned in violation of the federal Controlled Substances Act ("CSA"). In support of the objection and the motion, the UST respectfully states as follows.

I. BACKGROUND

1. On January 18, 2019, the Debtor filed a petition under chapter 13 of the Bankruptcy Code. (ECF No. 1).

2. On February 11, 2019, the Debtor filed a Chapter 13 Plan ("Plan"). (ECF No. 17).

3. Also on February 11, 2019, the Debtor filed Schedules and a Statement of Financial Affairs ("SOFA"). (ECF No. 13).

6.      On Debtor's "Schedule I," she discloses that she is employed at "Greenforce Staffing," making gross monthly income of $1,640.00. (ECF No. 13).

7.      Greenforce Staffing ("Greenforce") advertises itself as a "full-service staffing and temporary employment agency focused on labor solutions for the cannabis industry." (*See* attached Exhibit A). Greenforce "specialize[s] in providing skilled harvesting, cultivation lifecycle, and trimming temporary labor services for [cannabis] producers," and it "provides a suite of permanent and temporary placement services and contract labor for all aspects of the cannabis industry." (*Id.*).

8.      Debtor's Schedules indicate that other than her employment income from Greenforce, her assets consist mostly of about $12,500 in checking and savings accounts and two properties purportedly valued at $292,300. (ECF No. 13). Debtor's total reported monthly income is $2,390 (consisting of her Greenforce income plus a "savings contribution" each month) with reported monthly expenses of $2,190.00, leaving a $200 difference each month. (ECF No. 13).

9.      Debtor's Plan provides for a $200 monthly payment to the trustee and regular homestead payments to Bayview Loan Servicing, as they come due after the petition date. (ECF No. 17).

## II. ARGUMENT

**A.    The Court Should Deny Plan Confirmation and Dismiss this Case Because the Debtor Cannot Fund the Plan without Violating Federal Law**

A chapter 13 bankruptcy plan that is funded through marijuana income cannot be confirmed. *In re Arenas,* 535 B.R. 845, 847 (B.A.P. 10th Cir. 2015) ("*Arenas II*"). To do so would necessarily and improperly involve "a federal court in administering the fruits and

instrumentalities of federal criminal activity." *In re Arenas*, 514 B.R. 887, 895 (Bankr. D. Colo. 2014) ("*Arenas I*"). *See also In re Johnson*, 532 B.R. 53, 57 (Bankr. W.D. Mich. 2015) (holding that chapter 13 debtor, as a debtor-in-possession, is prohibited from funding a plan by "using proceeds or instrumentalities of federal criminal activity").

Congress enacted the Bankruptcy Code to protect "honest but unfortunate debtors." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 374 (2007). Its purpose "was not to mandate that every company be reorganized at all costs, but rather to establish a preference for reorganizations, where they are legally feasible and economically practical." *In re Baker & Drake, Inc.*, 35 F.3d 1348, 1354 (9th Cir. 1994).

"The Court's power to adjust the debtor-creditor relationship in the process of confirming a plan of reorganization goes to the essence of the Court's equitable jurisdiction and requires the Court to look to equitable factors to determine the propriety of the Debtor's filing." *In re Rent-Rite Super Kegs W. Ltd.*, 484 B.R. 799, 806 (Bankr. D. Colo. 2012) (refusing to confirm plan involving income derived from marijuana). "[S]ubstance will not give way to form" in a court's exercise of its equitable powers. *Pepper v. Litton*, 308 U.S. 295, 304-05 (1939).

The Debtor cannot propose a confirmable plan in this case because 11 U.S.C. § 1325(a) provides that a chapter 13 plan may only be confirmed if, among other things, it "has been proposed in good faith and not by any means forbidden by law," and "the action of the debtor in filing the petition was in good faith." 11 U.S.C. § 1325(a)(3), (7). As *Arenas I* recognized, these requirements cannot be met where a debtor's plan is premised on a continued violation of federal law. *See Arenas I,* 514 B.R. at 894 (concluding that § 1325(a)(3) requires the court "to examine the lawfulness of a plan's means of implementation").

The Debtor's regular income, which she proposes to use to fund her plan, is derived from

activities that are "forbidden by law." 11 U.S.C. § 1325.  Specifically, the Debtor receives her income from Greenforce, and Greenforce receives its revenue from the commercialized cannabis industry, which is regulated by the Controlled Substances Act ("CSA").  (*See* attached Exhibit A).  Under the CSA, it is a crime "for any person [to] knowingly or intentionally . . . manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance," including marijuana and the cannabis compound, Tetrahydrocannabinol (THC).  21 U.S.C. §841.  Greenforce is a business that relies on contractual payments it receives from entities and individuals who violate the CSA, and the Debtor thus ultimately receives her income from those same entities and individuals.  For this reason, the Debtor cannot obtain a Court order confirming the Plan.  The Court should therefore enter an order denying confirmation and dismissing this case under 11 U.S.C. § 1307(c).

Even if the Debtor were to argue that her income derives from business activities that are separate and unrelated to marijuana production, distribution and sales, her source of income would still be illegal under the CSA.  Liability under the CSA is broadly defined, and extends not only to the owners of controlled substances, but also to those who possess or dispense marijuana, as well as to persons who assist or conspire with violators of the CSA.  *See* 21 U.S.C. §§ 841, 846.  Therefore, even if the Debtor is not directly producing or selling marijuana, her activities violate the CSA because she is assisting businesses that violate the CSA on an ongoing basis.  *See In re Medpoint Mgmt., LLC*, 528 B.R. 178, 185 (Bankr. D. Ariz. 2015), *vacated in part on other grounds,* B.A.P. No. AZ-15-1130, 2016 WL 3251581 (B.A.P. 9th Cir. 2016) (dismissing an involuntary chapter 7 petition against firm engaged as a manager of a marijuana business, and noting that firm was potentially criminally liable under accomplice liability provisions of the CSA).

The Debtor cannot propose a confirmable Plan in this case because the Debtor's income derives from activities that are illegal under the CSA. The integrity of the judicial system requires that a bankruptcy court not be seen to even implicitly condone an activity that is illegal under federal law. Accordingly, the Court should enter an order denying confirmation and dismissing this case.

B.  **Confirmation of the Proposed Chapter 13 Plan in this Case Could Expose the Chapter 13 Trustee to Liability**

The Court should also enter an order denying Plan confirmation and dismissing this case because confirmation could expose the Chapter 13 Trustee to liability. A Chapter 13 Trustee ("Trustee") who accepts payments from a Debtor who has violated the CSA is in jeopardy of violating a number of provisions of federal law. The 10th Circuit BAP in *Arenas II* noted that because the CSA "criminalizes virtually every aspect of selling, manufacturing, distributing and profiting from the use of controlled substances," 535 BR at 852, fn.40, "[t]here is no way the Trustee could administer the plan without committing one of more federal crimes." *Id.* at 852. The UST is concerned that, regardless of the Trustee's good faith, the Trustee's knowing receipt of proceeds from prohibited activities could put him and his operation at substantial risk. For this additional reason, the Court should enter an order denying confirmation and dismissing this case.

C.  **Dismissal of this Case is the Proper Remedy**

For all of the foregoing reasons, the Plan cannot be confirmed and the case must therefore be dismissed or converted under 11 U.S.C. § 1307. Here, dismissal is the proper remedy. The Debtor has disclosed that her income derives from the commercial marijuana/cannabis industry. Under *Arenas,* a hypothetical chapter 7 liquidation would impermissibly facilitate a violation of

federal law because it would permit the Debtor to obtain bankruptcy relief while continuing to engage in an ongoing criminal enterprise. *See* 11 U.S.C. § 707(a) (chapter 7 case may be dismissed for "cause"). Accordingly, the UST respectfully requests that the Court enter an order denying confirmation, dismissing this case, and granting such other relief that is just under the circumstances.

Date: April 23, 2019

Respectfully Submitted,

Gregory M. Garvin
Acting United States Trustee for Region 18

*/s/ Jonas V. Anderson*
Jonas V. Anderson, VA SB # 78240
Acting Assistant United States Trustee

Jonas V. Anderson, VA SB #78240
Acting Assistant United States Trustee
U.S. Department of Justice
Office of the United States Trustee
405 E. 8th Ave., Ste. 1100
Eugene, OR 97401-2706
Telephone: (541) 465-6330
Email: jonas.v.anderson@usdoj.gov

Attorney for Acting United States Trustee
Gregory M. Garvin

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Holly Christine Adair,<br><br>Debtor. | Case No. 19-30181-tmb13<br><br>DECLARATION OF JONAS V. ANDERSON IN SUPPORT OF UNITED STATES TRUSTEE'S OBJECTION TO PLAN AND MOTION TO DISMISS CASE UNDER 11 U.S.C. § 1307 |

I, Jonas V. Anderson, declare under penalty of perjury, as follows:

1. I am more than 18 years of age and am competent to testify to the contents herein.

2. I am employed by the United States Department of Justice, Office of the United States Trustee.

3. On April 23, 2019, I visited the following online website: http://greenforcestaffing.com.

4. A true and correct "print to PDF" copy of the first webpage that appeared at that website is attached hereto as "Exhibit 1."

DATED this 23rd day of April, 2019.

                                                          */s/ Jonas V. Anderson*
                                                          Jonas V. Anderson, VA SB # 78240
                                                          Acting Assistant United States Trustee

# FULL SERVICE STAFFING FOR THE CANNABIS INDUSTRY

## WHAT IS GREENFORCE?

GreenForce is an Oregon based, full-service staffing and temporary employment agency focused on labor solutions for the cannabis industry. We specialize in providing skilled harvesting, cultivation lifecycle, and trimming temporary labor services for licensed Oregon producers. Our agency also provides a suite of permanent and temporary placement services and contract labor for all aspects of the cannabis industry, including, but not limited to, bookkeeping, product packaging, garden management, and retail. We are a people business first and strive to provide efficient and reliable labor to professionally execute your project needs day in and day out.

## WHY CHOOSE GREENFORCE?

We know that putting together a reliable team can be a daunting task in today's rapidly growing stage of the newly legal cannabis industry. Let us take the time consuming and onerous burden of staffing your next project off of your plate. While we are at it, we can also help with payroll, bookkeeping, product packaging, HR services, and general consulting. Our desire is to create long-term partnerships with our clients.

We also understand the daily rigors of the cannabis production industry. It takes a strong team running on all cylinders to maintain cost and time efficiency and stay on top of the cultivation game. Our primary goal is to let you simply focus on that, cultivation. GreenForce will function as a partner relationship with

Exhibit 1, page 1 of 3

you, our client, to streamline your temporary labor needs and save you time and money. You know that when harvest time comes, GreenForce will provide you with on demand, trustworthy labor in a snap.

## WHO IS GREENFORCE?

We are a team of solution-orientated individuals looking to identify opportunities to improve labor management in all segments of the cannabis industry. Our founders are business leaders who have come together to utilize their deep and varied experience in the cannabis, beverage, healthcare, staffing, and financial services industries to provide much needed labor solutions to the burgeoning legal cannabis industry.

## NEED A JOB?

FIRST NAME

LAST NAME

YOUR EMAIL

PHONE NUMBER

SUBMIT

## NEED SUPPORT?

Exhibit 1, page 2 of 3

FIRST NAME

LAST NAME

YOUR EMAIL

PHONE NUMBER

SUBMIT

(503)707-3305 (TEL:5037073305)

INFO@GREENFORCESTAFFING.COM (MAILTO:INFO@GREENFORCESTAFFING.COM)

JOB BOARD (HTTPS://GREENFORCE.CRELATE.COM/PORTAL)

(HTTPS://WWW.TWITTER.COM/GREENFORCE_OR)  (HTTPS://WWW.INSTAGRAM.COM/GREENFORCE_STAFFING)
 (HTTPS://WWW.FACEBOOK.COM/GREENFORCEOREGON/) 
(HTTPS://WWW.LINKEDIN.COM/COMPANY/GREENFORCE-STAFFING)

© GREENFORCE STAFFING

Exhibit 1, page 1 of 3

# CERTIFICATE OF SERVICE

I, Jonas V. Anderson, hereby certify as follows:

1. On April 23, 2019, the attached document was served on the persons shown below by pre-paid first class U.S. Mail at the addresses shown below.

Holly Christine Adair
13024 SE Cora Street
Portland, OR 97236

Darin Wisehart
Wisehart Law PC
8215 SW Tualatin-Sherwood Road
Suite 200
Tualatin, OR 97062

Wayne Godare
222 SW Columbia St #1700
Portland, OR 97201

2. Based on the Bankruptcy Court's Electronic Case Filing records, the following person(s) will be served electronically when the attached document is filed with the Court:

| | |
|---|---|
| JESSE A BAKER | ecforb@aldridgepite.com; JPB@ecf.inforuptcy.com; jbaker@aldridgepite.com |
| WAYNE GODARE | c0urtmai1@portland13.com, c0urtmai1@portland13ct.com |
| GADI SHAHAK | gshahak@logs.com |
| NATHAN SMITH | nathan@mclaw.org, OR_ECF@mclaw.org; mcecfnotices@ecf.courtdrive.com |
| DARIN WISEHART | dw@wisehartlegal.com, admin@wisehartlegal.com |

      /s/*Jonas V. Anderson*
      JONAS V. ANDERSON, VA SB #78240
      Acting Assistant United States Trustee